**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **STARSHA M. SEWELL, M.ED.,** | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. RWT 16-cv-0158 |
| **WESTAT,** | * | |
| *Defendant*. | * | |

**MEMORANDUM OPINION**

On July 13, 2015, Plaintiff filed a charge of race discrimination and retaliation with the Maryland Commission on Civil Rights against Defendant Westat, which was dually filed with the Equal Employment Opportunity Commission. ECF No. 1 at 1. She alleges that she then received a Notice of Right to Sue, and filed her complaint within ninety days of receipt of the notice. *Id.* at 2. On January 14, 2016, Plaintiff filed this *pro se* action claiming employment discrimination based on race and gender against Defendant Westat, pursuant to 42 U.S.C. § 2000e, *et seq*. ECF No. 1. On March 7, 2016, Defendant filed a Motion to Dismiss and for Partial Summary Judgment. ECF No. 8. On March 8, 2016, Plaintiff filed a Motion to Strike and Dismiss Westat's Motion to Dismiss, ECF No. 11, and on August 5, 2016, Plaintiff moved for a status teleconference, ECF No. 14. The issues have been fully briefed, and no hearing is necessary. Local Rule 105.6. For the reasons discussed below, Defendant's Motion to Dismiss and for Partial Summary Judgment will be granted and Plaintiff's Motion to Strike and Motion for a Status Teleconference will be denied.

**BACKGROUND**

Plaintiff alleges that she applied for the position of Survey Methodologist at Westat in February 2015. ECF No. 1 at 2. On March 25, 2015, she received a letter stating that she was not selected for this position. *Id.* On May 15, 2015, Plaintiff applied for the position of Research Associate – Education, and was rejected for this position five days later. *Id.* On May 29, 2015, she allegedly left a voice message for Mr. Randy Yu, a member of Westat's Human Resources Department, explaining that she was a class member of a settlement with the Department of Labor. *Id.* On June 2, 2015, Plaintiff applied for a third position, Clinical Trials Research Associate, for which her application was also rejected. *Id.* at 3.

Plaintiff alleges that she was qualified for each of the three positions for which she applied, and that the denial of her applications for these positions was an act of retaliation for informing Mr. Yu that she was a member of the settlement class in a discrimination case for which Westat was "required to improve and increase employment opportunities." ECF No. 1 at 3. She explains that the settlement to which she is a party "regulates the Company's recruitment of minorities," especially African-American women, and contends that Westat is using its non-disclosed list of protected class members for discriminatory purposes. *Id.* Plaintiff believes that she was denied the Research Associate position "as a discriminatory act of retaliation, because [she is] on the class member [sic] on Westat's OFCCP conciliation settlement list in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 2000e, *et seq.*, retaliation, failure to hire on the basis of Plaintiff's race and gender [sic]." *Id.*

On June 11, 2015, Plaintiff filed a complaint with Defendant's recruitment team to "inquire about the ongoing disqualification notices that [she] received for each position that [she]

qualified for outside of the Settlement agreement," but she has not received a response. *Id.* On August 21, 2015, she received correspondence from Phillip Wikes, a Civil Rights Officer, who she claims "did not thoroughly investigate the employment discrimination that Westat is subjecting class members to." *Id.* Plaintiff avers that since she began to "engage[] in protected activity," Defendant has not advertised any Research Analyst opportunities "with the sole intentions [sic] to discriminate against class members." *Id.* Plaintiff alleges that there is a "causal connection between the Plaintiff's protected activity"—her internal complaint and voicemail to Mr. Yu—and the adverse hiring decisions that Defendant made against her. *Id.* at 4. These actions were allegedly taken because "Plaintiff is a class member and is black listed internally, because her name is on an undisclosed list." *Id.*

## DISCUSSION

### I.     Westat's Motion to Dismiss and for Partial Summary Judgment

In a ruling on a motion to dismiss, the Plaintiff's well-pleaded allegations are accepted as true and the Complaint is viewed in the light most favorable to the Plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).

A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a

3

district court may not rewrite a complaint in order for it to survive a motion to dismiss. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. Plaintiff Failed to Exhaust Administrative Remedies on her Gender Discrimination Claim.

Defendant first argues that Plaintiff's gender discrimination claims should be dismissed pursuant to Rule 12(b)(1), as she failed to exhaust her administrative remedies on this claim. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) ("Motions to dismiss for failure to exhaust administrative remedies are governed by Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction."). In deciding a Rule 12(b)(1) motion, the court "may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Id.* (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)).

Before a plaintiff can file suit under Title VII, she "must exhaust administrative remedies by filing a charge with the EEOC." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). This charge "defines the scope of the plaintiff's right to institute a civil suit," and the "scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Id.* Plaintiff's charge with the Maryland Commission on Civil Rights was dually filed with the EEOC. *See* ECF No. 8-4. In her charge, she checked only the boxes relating to discrimination based on race and retaliation. ECF No. 8-3. The investigation and findings were accordingly limited to the question of whether she was discriminated against based on her race or her participation in a protected activity. ECF No. 8-4. Because her civil suit is limited by the charge with the Maryland Commission on Civil Rights, Plaintiff's claims based on gender discrimination will be dismissed for failure to exhaust administrative remedies.

4

B.  <u>Plaintiff Failed to State a Failure to Hire Race Discrimination Claim.</u>

Defendant moved to dismiss Plaintiff's race and retaliation claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  ECF No. 8-1 at 8.  A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  In considering a motion to dismiss, the Court considers whether the "complaint . . . contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  A court must construe factual allegations in the light most favorable to the plaintiff.  *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).  Nevertheless, a court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences."  *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted).  Put simply, a complaint must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

To state a claim for discrimination in hiring, the plaintiff must allege and prove that: "(i) [s]he belongs to a protected class, (ii) [s]he applied and was qualified for a job for which the employer was seeking applicants, (iii) despite [her] qualifications, [s]he was rejected, and (iv) after [her] rejection, the position remained open and the employer continued to seek applicants from persons of [her] qualifications."  *E.E.O.C. v. Sears Roebuck and Co.*, 243 F.3d 846, 851 (4th Cir. 2001).  With regard to the fourth element, it is "critical" that the

plaintiff "demonstrate [s]he was not hired (or fired or not promoted, etc.) 'under circumstances which give rise to an inference of unlawful discrimination.'" *Id.* at 851 n.2 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

Plaintiff's allegations regarding the second and fourth elements of her failure to hire claim fail to "nudge[] [her] claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. 544, 570 (2007). First, Plaintiff only states conclusorily that she was "qualified for every position for which [she] applied." ECF No. 1 at 3. This allegation, devoid of further support, is insufficient to satisfy the second element and survive a Rule 12(b)(6) motion to dismiss. *See Chavan v. IBM Corp.*, No. 09-cv-1473-AW, 2010 WL 2651647, at *3 (D. M. Jun. 30, 2010) (motion for judgment on the pleadings granted in part because plaintiff "provided no factual support that he performed his job satisfactorily or that he was qualified for the position in question").

Second, Plaintiff has alleged no facts that give rise to an inference of unlawful discrimination. She puts forth only conclusory allegations that Defendant failed to hire her "for opportunities that she [was qualified] for because she is an African American female." ECF No. 1 at 3. But Plaintiff's "'subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief.'" *Parker v. Ciena Corporation*, No. 14-cv-4036-WDQ, 2016 WL 153035, at *5 (D. Md. Jan. 12, 2016) (quoting *Elliot v. Group Medical & Surgical Service*, 714 F.2d 556, 557 (5th Cir. 1983)). Plaintiff's claim of failure to hire based on race discrimination is purely conclusory and contains no factual support that would allow it to survive a Rule 12(b)(6) motion to dismiss.

C.  <u>Plaintiff Failed to State a Retaliation Claim.</u>

Plaintiff baldly asserts that the denial of her application for the three positions to which she applied was "an act of retaliation because [she] communicated to Mr. Yu that [she was] a protected member of the protected class of systemic discrimination for which the Respondent required [sic] to improve and increase employment opportunities." ECF No. 1 at 3. In order to establish a prima facie case of retaliation, a plaintiff must establish that she "engaged in a protected activity, that the employer took an adverse action against [her], and that a causal relationship existed between [her] protected activity and the employer's adverse action." *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006). First, Plaintiff's claims based on her rejection for the Survey Methodologist and Research Associate – Education positions must fail because her alleged voicemail to Mr. Yu did not occur until May 29, 2015, *after* she was rejected for both positions. ECF No. 1 at 2. There can be no causal connection between her allegedly protected activity and the adverse hiring decision because the alleged protected activity took place after the employer's adverse action. *See Hall v. Greystar Mgmt. Servs., L.P.*, 637 Fed. App'x 93, 98 (4th Cir. 2016) ("Retaliatory conduct, by its very nature, must come *after* the protected activity.").

With regard to the Clinical Trial Research Associate position, for which she was denied after she allegedly left the voicemail with Mr. Yu, Plaintiff has not alleged that the voicemail constituted "protected activity" or that Defendant failed to hire her in retaliation for leaving the voicemail. Plaintiff states only that in her voicemail she "communicated to Mr. Yu that [she was] a member of the protected class" for which Defendant "was required to improve and increase employment opportunities." ECF No. 1 at 3. She does not claim that she communicated to Mr. Yu that she felt she was being discriminated against. *Cf. Bryant v. Aiken*

7

*Reg'l Med. Ctrs.*, 333 F.3d 536, 543-44 (4th Cir. 2003) ("Title VII protects the right of employees to oppose any 'unlawful employment practice' under Title VII.  Employees are thus guaranteed the right to complain to their superiors about suspected violations of Title VII.").

Even if, construing Plaintiff's *pro se* Complaint liberally, as this Court must, Plaintiff's voicemail constituted protected activity, she has not alleged that Mr. Yu was a decision-maker with regard to the hiring decision for the Clinical Trial Research Associate position, or that he communicated the contents of her voicemail to any relevant decisions-makers.  *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 655 (4th Cir. 1998) ("A plaintiff cannot establish a prima facie case of retaliation when, as here, the relevant decisionmaker was unaware that the plaintiff has engaged in a protected activity.").  Plaintiff's retaliation claim must therefore be dismissed.

>   D. <u>Defendant is Entitled to Partial Summary Judgment on Plaintiff's Failure to Hire Claims.</u>

Rule 56 of the Federal Rules of Civil Procedure allows the court to grant summary judgment "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant may show there is no genuine issue of material fact through the pleadings, discovery, exhibits, and other materials.  Fed. R. Civ. P. 56(c).  Upon motion for summary judgment and a showing by the moving party that there is no genuine dispute of material fact, the opposing party must rebut this showing by going beyond the pleadings to "designate specific facts showing that there is a genuine issue for trial."  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citations omitted) (summarizing Fed. R. Civ. P. 56).  To survive a motion for summary judgment, the standard requires more than "the mere existence of *some* alleged factual dispute between the parties."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (emphasis in original).

Defendant argues that it is entitled to summary judgment on Plaintiff's failure to hire claims based on her rejection for the Survey Methodologist and Research Associate –Education positions because it is "undisputed that Defendant cancelled the requisitions for these positions and no longer sought applicants." ECF No. 8-1 at 11; *see* ECF No. 8-2 ¶¶ 4-5. Plaintiff has offered no evidence to rebut Defendant's supporting affidavit.[1] Plaintiff therefore cannot establish a *prima facie* case because there is no inference of discrimination when Defendant cancelled the requisition and did not fill the position with someone outside the protected class. *See Agelli v. Sebelius*, No. 13-cv-497-DKC, 2014 WL 347630, at *5 (D. Md. Jan. 30, 2014) (defendant entitled to summary judgment when it cancelled the vacancy and did not fill the open position because when the entity "'cancels a vacancy announcement and no one outside the protected class is hired to fill the position, the plaintiff cannot establish her prima facie case because she cannot satisfy the fourth prong of the analysis.'") (quoting *Bowie v. Ashcroft*, 283 F. Supp. 2d 25, 31 (D.D.C. 2003)).

Defendant also argues that it is entitled to summary judgment on Plaintiff's failure to hire claim based on gender with respect to the Clinical Trials Research Associate position because it is undisputed that the position was filled by a female. ECF No. 8-1 at 11; ECF No. 8-2 ¶ 6. Because Plaintiff cannot show that she was rejected in favor of someone outside her protected group, she is unable to establish a failure to hire gender discrimination claim with regard to the Clinical Trials Research Associate position and Defendant is entitled to summary judgment on that claim. *See Simpson v. Technology Serv. Corp.*, No. 14-cv-1968-DKC, 2015 WL 5255307, at *9 (D. Md. Sept. 8, 2015) (finding that the fact that position "was filled by someone within

---

[1] Plaintiff provides a printout of Westat's job openings from its website as of August 22, 2015, which shows that the Research Associate – Education position was still open. ECF No. 1-5. This is insufficient to rebut Defendant's affidavit because Defendant states that the position was cancelled on September 1, 2015. ECF No. 8-2. Additionally, the printout of the job opening does not establish that the position was filled by someone outside the protected class, which is necessary to give rise to an inference of unlawful discrimination.

[plaintiff's] protected class negates an inference of gender discrimination and fatally undermines Plaintiff's ability to establish a *prima facie* case); *cf. Miles v. Dell, Inc.*, 429 F.3d 480, 488 (4th Cir. 2005) (to establish a discriminatory discharge claim, "a plaintiff must ordinarily show that she was replaced by someone outside her protected class because, when someone within her protected class is hired as a replacement, that fact ordinarily gives rise to an inference that the defendant did not fire the plaintiff because of her protected status.").

### II.     Plaintiff's Motion to Strike and Dismiss Opposing Counsel's Motion to Dismiss

After Defendant filed its motion to dismiss, Plaintiff filed a "Motion to Strike and Dismiss" Defendant's motion.  ECF No. 11.  The motion is more properly construed as a Response in Opposition to Defendant's Motion to Dismiss and for Partial Summary Judgment, as the motion is largely based on the argument that "Plaintiff's claims are properly pled pursuant to Rule 8(a) (1, 2, and 3) of the Fed.R.Civ.P., and that the Plaintiff is entitled to declaratory judgment pursuant to the merits of her complaint," and that Defendant's "legal argument is substantially flawed." *Id.* at 1.  She also moves on the basis that Defendant's motion "expressly confirms a scandalous matter involving select leaders from the President's Financial Crimes Task Force." *Id.*  Plaintiff's motion otherwise has no discernible relation to Westat.  Because Defendant's Motion to Dismiss and for Partial Summary Judgment was properly filed and is an appropriate response to Plaintiff's Complaint, her Motion to Strike will be denied.

### III.    Plaintiff's Motion for a Status Teleconference

Much of Plaintiff's Motion for a Status Teleconference [ECF No. 14] utterly lacks any argument related to her lawsuit against Defendant.  Instead, she alleges that United States Attorney for the District of Maryland Rod Rosenstein "literally positioned the Judge to engage in organized crime, in their attempts to have President Barack Obama impeached, while assuming a similar role of 'Liddy' in the Richard Nixon and Spiro Agnew during the Watergate scandal."

10

ECF No. 14 at 1. The only argument related to her lawsuit is that David Reesman, Vice President and General Counsel of Westat, "indicated that Sewell was next on the list, and could apply for other opportunities" with Westat, but he "failed to hire Sewell for the Research Analyst position that is being advertised to the general public; with the sole intent to discriminate against class members who are protected class-members under the conciliation agreement." ECF No. 14 at 2-3.

Mr. Reesman in no way indicated that Plaintiff was next on the list of possible hires. In fact, the language quoted by Plaintiff shows only that Mr. Reesman stated that she was "appropriately placed on the list of those who *may* be offered a Research Analyst, Education Research position, *if* sufficient openings occur and she is the next one on the list." ECF No. 14 at 2 (emphasis added). Nothing in this quoted language indicates that Mr. Reesman "promised the next opportunity to Starsha Sewell," and there are absolutely no facts alleged that plausibly demonstrate that Mr. Reesman acted with the "sole intent to discriminate against a Department of Labor Class Member, because she is an African American Woman." *Id.* at 3. Because this Court finds that no status teleconference is necessary, Plaintiff's motion will be denied.

IV.    **Conclusion**

Defendant's Motion to Dismiss and Motion for Partial for Summary Judgment [ECF No. 8] will be granted. Plaintiff has failed to adequately state a claim for discrimination based on race and gender, and has failed to allege a retaliation claim. Her Complaint [ECF No. 1] must therefore be dismissed. Because Defendant has provided undisputed facts showing that the Survey Methodologist and Research Associate – Education positions were never filled and the requisitions were cancelled, Defendant is entitled to summary judgment on those discrimination claims. Defendant is also entitled to summary judgment on Plaintiff's gender discrimination claim based on her rejection for the Clinical Trials Research Associate

position because Defendant filled the position with a female.  Plaintiff's Motion to Strike and Dismiss Opposing Counsel's Motion to Dismiss [ECF No. 11] and Motion for Status Teleconference [ECF No. 14] provide no discernible grounds for relief and will be denied.  A separate Order follows.


Date: November 8, 2016                                    /s/
                                                   ROGER W. TITUS
                                      UNITED STATES DISTRICT JUDGE